Per Curiam.

This is a special proceeding under section 623 of the Business Corporation Law, commenced by Clarence O. Dimmock, Jr., to determine the fair value of his shares of stock of Modiglass Fibers, Inc., incident to the merger of said corporation into Reichhold Chemicals, Inc.
On October 16, 1963, Dimmock owned 14,825 shares of the Modiglass stock. On that date, Reichhold, which owned 811,-350 of the 850,000 outstanding shares of Modiglass and which had been operating Modiglass as a subsidiary since 1960, notified the Modiglass shareholders of a merger that would take place. Dimmock dissented and demanded the full value of his shares. When Reichhold’s offer of $3.82 per share was not accepted by Dimmock, Reichhold commenced a proceeding to determine the fair value, which proceeding, commenced one day late, was dismissed as untimely on Dimmock’s motion. Thereupon, Dimmock instituted the instant proceeding to determine the value of his shares. Almost 10 years later and on January 13, 1974 an appraiser was appointed who in due course recommended a value of $4.75 per share.
Dimmock moved to confirm the appraiser’s report, but to set the per share value at $6.75, and for interest from the shareholders’ authorization daté to the date of payment, an assess *275 ment against Reichhold covering the costs and expenses of the appraiser and the fees and expenses of Dimmock’s counsel and expert witness. Reichhold cross-moved for: a rejection of the appraiser’s report and a determination of the fair value of the stock at $3.65 per share; an assessment against Dimmock for the costs and expenses of the appraiser; a denial of any allowance to Dimmock for interest, fees and expenses of counsel and expenses of an expert witness; and a trial to determine whether Dimmock’s conduct was vexatious, arbitrary or in bad faith and to inquire into the fees and expenses of Dimmock’s counsel and expert witness. Special Term confirmed the appraiser’s report and denied Dimmock’s motion in all other respects. It also denied the cross motion and directed a hearing to determine the reasonable compensation and expenses of the appraiser, one half to be assessed against Dimmock and the other half against Reichhold.
The Appellate Division affirmed the order and judgment of Special Term, with two Justices concurring as to that portion of the disposition which fixed the valuation of the stock but otherwise dissenting and voting to remand the proceeding. Dimmock now appeals to this court from so much of the order of the Appellate Division which affirmed the order and judgment of Supreme Court denying him an allowance for interest, assessing against him half of the costs and expenses of the appraiser, denying his application for the fees and expenses of his counsel and of his expert witness and failing to assess against Reichhold the costs and expenses of the proceeding.
Section 623 (subd [h], par [6]) of the Business Corporation Law provides: "The final order shall include an allowance for interest at such rate as the court finds to be equitable, from the shareholders’ authorization date to the date of payment. If the court finds that the refusal of any shareholder to accept the corporate offer of payment for his shares was arbitrary, vexatious or otherwise not in good faith, no interest shall be allowed to him.” Special Term’s denial of an allowance for interest to Dimmock was based on the conclusion "under all of the circumstances presented, that petitioner [Dimmock] did not act in good faith, and it would be patently unfair to require the respondent to pay interest from the authorization date to the date of payment, especially since this proceeding has been unnecessarily delayed to a great degree by the tactics of the petitioner.” Under the express language of paragraph (6), no interest allowance is to be made to any *276 shareholder whose "refusal” to accept the corporate offer was arbitrary, vexatious or otherwise not in good faith. Thus, the pivotal time for testing the shareholder’s conduct is fixed at the point of refusal, not subsequently during the legal proceeding based on and following the refusal (see 3 White, New York Corporations [13th ed], par 623.05, p 6-589). While it has been stated that evidence upon the issue of good faith must take a rather wide range (see 21 NY Jur, Evidence, § 201; 29 Am Jur 2d, Evidence, § 358), to be admissible or entitled to consideration, there must be a relevance between the proof in question and the good faith in issue. Here, Special Term did not relate the unnecessary delay in the proceeding caused by the tactics of Dimmock to the arbitrariness, vexatiousness or bad faith of Dimmock in refusing the corporate offer, since it followed the mention of Dimmock’s delaying tactics with the statement: "Were the Court to rule otherwise, a party could unnecessarily delay a determination for the sole purpose of earning interest on the value of the shares held by him.” It therefore appears that the denial of the interest allowance may have resulted at least in part from a consideration of events that occurred after the refusal.
Section 623 (subd [h], par [7]) of the Business Corporation Law, relating to the subjects of costs and expenses of the proceeding and fees and expenses of counsel and experts, provides: "The costs and expenses of such proceeding shall be determined by the court and shall be assessed against the corporation, except that all or any part of such costs and expenses may be apportioned and assessed, as the court may determine, against any or all of the dissenting shareholders who are parties to the proceeding if the court finds that their refusal to accept the corporate offer was arbitrary, vexatious or otherwise not in good faith. Such expenses shall include reasonable compensation for and the reasonable expenses of the appraiser, but shall exclude the fees and expenses of counsel for and experts employed by any party unless the court, in its discretion, awards such fees and expenses. In exercising such discretion, the court shall consider any of the following: (A) that the fair value of the shares as determined materially exceeds the amount which the corporation offered to pay; (B) that no offer was made by the corporation; and (C) that the corporation failed to institute the special proceeding within the period specified therefor.” Thus, costs and expenses of the proceeding, although provided for in the same para *277 graph, are treated separately and determined differently from fees and expenses of counsel for and experts employed by any party. Costs and expenses of the proceeding normally are to be assessed against the corporation, except that all or part of them may be apportioned or assessed as the court determines against any or all dissenting party shareholders "if the court finds that their refusal to accept the corporate offer was arbitrary, vexatious or otherwise not in good faith.” Here again, the crucial period is the time of refusal, but Special Term apportioned and assessed one half of the reasonable expenses of the appraiser against Dimmock "[i]n view of the fact that the Court has made a finding that petitioner has not acted in good faith” and "in the exercise of the Court’s discretion”. Thus, this apportionment and assessment, by being linked to the previous finding of an absence of good faith, appears to have been grounded possibly also, at least in part and contrary to statute, on events subsequent to the refusal.
As to fees and expenses of counsel and for experts, they are to be excluded from "expenses” of the proceeding "unless the court, in its discretion, awards such fees and expenses” and, in exercising such discretion, the court is to consider any of three specified subjects (see Matter of Endicott-Johnson Corp. v Bade, 37 NY2d 585, 591). Special Term denied, "in the exercise of the Court’s discretion”, Dimmock’s application for the fees and expenses of counsel and for experts employed by him. It explained: "In making this determination, the Court concludes that the fair market value of the shares as determined by the appraiser and confirmed by the Court does not materially exceed the amount that the corporation offered to pay, and that the corporation did, in fact, make a valid offer for the stock in question. The Court notes that the respondent did commence a proceeding pursuant to the provisions of BCL 623 to determine the value of the shares which proceeding was dismissed upon motion of the petitioner herein as being untimely commenced, (apparently by one day). This fact alone does not mandate that respondent should be required to pay the fees and expenses of the petitioner’s attorney and the experts employed by him, especially in the instant case where the legal fees and expenses claimed to be due are in excess of Fifty Thousand ($50,000.00) Dollars.” On those scores, and assuming that the court did not exercise its discretion in a fashion so as to be swayed by any determination that Dim- *278 mock did not act in good faith in respect to the application for interest and the expenses of the proceeding, there is no warrant to overturn what has been done regarding counsel fees and expenses and those of experts. If the court, upon remittal as herein ordered, is not fully satisfied that in the exercise of its discretion it was not influenced by said determination as to good faith, then the court may reopen that part of the application regarding counsel fees and expenses and those for experts and consider that part of the application anew, including as well the reasonableness or unreasonableness of the fees and expenses sought. This court, without intimation as to whether there should be such a reopening, notes that the differential between $3.82, the amount offered, and $4.75, the found fair value, per share, totaled $13,787.25 for the shares held by Dimmock. At Special Term, prior to appeals which have ensued, Dimmock sought $42,641.22 for legal services and $11,793.68 for expenses for expert witnesses. It must be kept in mind that the protection afforded minority stockholders should not be wielded as an offensive weapon nor employed to cause unwarranted expense or embarrassment to the corporation (see Corwin v Shelter Is. Light & Power Co., 199 NYS2d 866, 868; see, also, Randall v Packard, 142 NY 47, 55-56).
The order of the Appellate Division should be modified by reversing Special Term’s denial of and remitting those parts of appellant’s application for an allowance for interest and for an assessment against respondent covering the reasonable compensation and expenses of the appraiser to Special Term for further proceedings and determination, with leave to Special Term sua sponte to reopen and redetermine that part of the application seeking fees and expenses of counsel and for expert witnesses in the event Special Term is not fully satisfied that its discretion in denying said last mentioned items was not influenced by its determination as to good faith in denying an allowance for interest and an assessment covering the compensation and expenses of the appraiser, and, except as so modified, the order should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order modified, with costs to appellant, and the matter remitted to Supreme Court, Westchester County, for further *279 proceedings in accordance with the opinion herein and, as so modified, affirmed.